UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADDISON KENNON GOFF, IV, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1935 |
| OCEAN HARBOR CASUALTY INSURANCE COMPANY | * | SECTION "A" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiffs' Motion for Leave to File First Amended Complaint. ECF No. 8. Defendant timely filed an Opposition Memorandum. ECF No. 10. Plaintiffs timely filed a Reply Memorandum. ECF No. 11. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiffs filed this suit to recover for property damage resulting from Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging bad faith, failure to properly adjust the loss and underpayment of insurance proceeds. ECF No. 1-2. Plaintiffs fax filed the petition in state court on September 5, 2023, and delivered the hard copy on September 12, 2023. *Id.* After Defendant removed the case to this Court, it filed a motion to dismiss on the basis of prescription, arguing that Plaintiffs' suit filed more than two years after Hurricane Ida (August 29, 2021) is untimely. ECF Nos. 1, 5.

Plaintiffs seek to amend their Complaint to allege the dates of Ocean Harbor's unconditional tenders of payment, which they contend interrupted or tolled the two-year

prescriptive period. ECF Nos. 8; 8-2 ¶¶ 8, 12, 15. Invoking Rule 15(a)(2), Plaintiffs argue that leave should be granted because they are seeking leave within 21 days of the motion to dismiss and there is not substantial reason to deny leave to amend. ECF No. 8-1 at 2-4.

In Opposition, Defendant argues that Plaintiffs are not entitled to amend as of right, the amendment does not clarify the claims, amendment is unduly prejudicial, and the amendment is futile because the claims are prescribed, which it contends Plaintiffs judicially admitted in a state court malpractice lawsuit filed against their former attorney. ECF No. 10 at 2-3, 2 n.1.

In Reply, Plaintiffs argue that Defendant's conclusory assertion of prejudice is insufficient to overcome Rule 15's liberal amendment policy and there is no prejudice. ECF No. 11 at 2, 4-5

## II.  APPLICABLE LAW AND ANALYSIS

Plaintiffs seek leave to amend before expiration of any Scheduling Order's deadline. Accordingly, the request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b).[1] Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[2] Although leave to amend is not automatic,[3] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[4]

---

[1] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) ("[Federal Rule of Civil Procedure] 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order [and with the judge's consent] will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

[2] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[3] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

[4] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux,* 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[5] Denial of leave to amend is reviewed for abuse of discretion,[6] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[7]

### A. Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[8] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[9] At some point, plaintiff's delay can be procedurally fatal.[10] In that situation, plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[11]

Courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[12] "Merely because a claim was not presented as promptly as possible, however, does not vest the district

---

[5] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").
[6] *Carroll*, 470 F.3d at 1174 (citation omitted).
[7] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[8] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to 'freely give leave to amend when justice so requires.'").
[9] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[10] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).
[11] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[12] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision).

court with authority to punish the litigant."[13] Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[14]

In this case, there has been no undue delay. Although Plaintiffs filed suit in September 2023, this hurricane proceeding was subject to the court's case management order staying the proceeding during mediation before a court-appointed neutral. Considering the removal on August 2, 2024, and the motion to dismiss filed October 30, 2024, Plaintiffs seeking leave on November 20, 2024, cannot be characterized as undue delay.

### B. Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[15]

Defendant does not argue bad faith, and there is no evidence of bad faith here.

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[16]

---

[13] *Carson*, 689 F.2d at 584.
[14] *Mayeaux*, 376 F.3d at 427 (emphasis and citations omitted).
[15] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002).
[16] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice

4

There is no evidence of any failure to cure, much less repeated failures to cure, in this case.

### D. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[17] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[18] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[19] are considered prejudicial.[20] While additional fees and costs incurred to respond may cause some prejudice, it does not constitute "undue prejudice" necessary to justify denial of a motion to amend.[21]

---

did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit amendment after plaintiff had amended twice).

[17] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[18] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[19] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

[20] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

[21] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd.*, No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not

Ocean Harbor argues that amendment is unduly prejudicial because the claim is prescribed on the face of the petition and allowing Plaintiffs the opportunity to amend to urge interruption of suspension by payment of unconditional tenders is unduly prejudicial. Merely being required to respond to a claim on the merits, before the court has ruled on any dispositive motions, before discovery has concluded and when the fundamental nature of the claim has not been changed, is not undue prejudice in the context of Rule 15.

### E. Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[22] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[23] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[24] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[25]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

---

establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).
[22] *Marucci Sports,* 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).
[23] *Twombly*, 550 U.S. at 555, 570.
[24] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal,* 556 U.S. at 678 (citation omitted).
[25] *Iqbal,* 556 U.S. at 678 (citation omitted).

experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[26]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[27]

Louisiana law is entirely unclear regarding whether an insurer's unconditional tender of the undisputed portion of its insured's claim serves to interrupt prescription on the disputed portion of an insured's claim. Most recently, in *Caldwell v. GeoVera Specialty Insurance Co.*, No. 24-1023, 2024 WL 4245493 (W.D. La. Sept. 19, 2024), Judge Cain acknowledged the Fourth Circuit's decision in *Lila, Inc. v. Underwriters at Lloyd's, London*, 994 So. 2d 139 (La. Ct. App. 4th Cir. 2008) (holding that an insurer's unconditional tender to the insured does not constitute an acknowledgment of the disputed first party claim because the insurer is statutorily obligated to make the tender), and noted its tension with the Louisiana Supreme Court's decisions in *Mallett v. McNeal*, 368 So. 2d 1143 (La. 2006) (holding that an insurer's unconditional tender interrupted prescription on a third-party claim) and *Demma v. Automobile Club Inter-Insurance Exchange*, 15 So. 3d 95 (La. 2009) (holding that unconditional tender by UM carrier interrupted prescription).[28]

---

[26] *Id.* 556 U.S. at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

[27] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).

[28] 2024 WL 4245493, at *2.

Finding that the Louisiana Supreme Court's decision in *Taranto v. Lousiana Citizens Property Insurance Corp.*, 62 So. 3d 721 (La. 2011), rejected the basis for the Fourth Circuit's decision in *Lila*, Judge Cain denied a motion to dismiss based on prescription due to the unconditional tender within the prescriptive period.[29]

Given the unsettled nature of whether an unconditional tender interrupts prescription as to the insured's disputed claim, I cannot find that Plaintiffs' proposed amendment is futile.

### III.   CONCLUSION

Although this case has been pending for over a year, it has not progressed significantly as it has been subject to Hurricane Ida Case Management Orders. No Scheduling Order has been issued in this case, there is no discovery deadline, and no substantive motions have been addressed. Thus, there is no basis to find undue delay or undue prejudice. Likewise, there is no suggestion that the request for leave to amend is in bad faith, involves fraud, or is designed to mislead or deceive, nor have the Plaintiffs previously failed to respond to pleading deficiencies as directed. The Court cannot find substantial reason to deny the request to amend.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for Leave to File First Amended Complaint (ECF No. 8) is GRANTED.

New Orleans, Louisiana, this \_\_13th\_\_ day of December, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[29] *Id.* at *2-3.